**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>AURORA LOPEZ-AVILA,<br><br>    Defendant. | No. CR 10-035-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Withdraw from Plea [Doc. # 14]. The government has filed a response. Evidence and argument were presented to the Court on April 12, 2010.

*Procedural Background*

On January 6, 2010, Defendant Aurora Lopez-Avila ("Lopez-Avila") was indicted on one count of Possession with Intent to Distribute Cocaine. On February 24, 2010, Lopez-Avila pleaded guilty to the indictment. Lopez-Avila stated, under oath, that (1) she was voluntarily pleading guilty because she was guilty, (2) she understood that once her guilty plea was accepted she would not be permitted to withdraw her guilty plea, and (3) knowing her rights and the consequences of her plea, she wanted to enter a guilty plea. Lopez-Avila further stated that, on December 8, 2009, she was driving a 2000 Dodge Stratus in Nogales, Arizona, she knew there were drugs in the vehicle, she intended to be paid to deliver those drugs to someone else, and the government could prove that the drugs in the vehicle consisted of 10.3 kg of cocaine.

On March 28, 2010, Lopez-Avila filed a Motion to Withdraw from Plea. The Court scheduled the matter for an April 12, 2010, hearing. During the hearing, the Court advised counsel that she had listened to the recording of the change of plea hearing.

United States Probation Officer Erlinda Galindo ("Galindo") testified that, during an interview with Lopez-Avila, Lopez-Avila informed her that she was continuously employed and that she received approximately $3,000 per month in income. When counsel asked Galindo if Lopez-Avila had told her that she was forced to commit the crime and that she had not committed the crime for the money, Galindo agreed that Lopez-Avila had made such comments.

Counsel agreed that the Court could consider the contents of paragraph 12 of the draft pre-sentence report. The Court reviewed paragraph 12 during the hearing. The Court also reviewed the factual basis included in the proposed plea agreement.

Defense counsel informed the Court that Lopez-Avila informed him that she believed defense counsel, who was appointed and was not being paid for by Lopez-Avila, was an agent of the government. Defense counsel further stated that it was only after the interview with the probation officer had been stopped, that Lopez-Avila provided duress information to defense counsel. Counsel discussed with the Court defense counsel's failure to discuss with Lopez-Avila any perceived conflicts and his role as her appointed attorney.

Lopez-Avila testified that she originally did not discuss with defense counsel that she had been forced to transport the drugs because she was afraid of Luis Alfonso Garcia ("Garcia") and that she did not believe defense counsel could help her.[1] Lopez-Avila further testified that she first had contact with Garcia regarding running drugs approximately three months before Lopez-Avila's arrest. Lopez-Avila further testified that Garcia offered her money to run drugs. Lopez-Avila testified that Garcia was

---

[1] Throughout her testimony, Lopez-Avila testified regarding "the man" and "he." The Court will simply refer to him as Garcia.

1 repeatedly threatening her during the three month period between the first contact and her arrest, telling Lopez-Avila that, if she did not transport the drugs, he would have hit men after her; Lopez-Avila repeatedly told him no.

Lopez-Avila further testified that she told a law enforcement officer when arrested that she had been threatened, but did not remember if she had told the agents that she had been repeatedly threatened. Lopez-Avila testified that she told an agent that she had been pressured that morning by telephone, that she was told that she had to transport the drugs, that she told Garcia on the telephone that she would not transport the drugs, and that Garcia asked her if she wanted him to send hit men for her.

Lopez-Avila also testified that she was not aware that duress was a defense, but during the interview with the probation officer, she could not hold it in anymore. Lopez-Avila also testified that she had been told that Garcia would find out about whatever she said. Lopez-Avila testified that she did not discuss these issues with defense counsel sooner because she was always afraid.

Lopez-Avila also testified that she has not received any direct threats since the date of the incident, but that, since the incident, Garcia has asked her business clients what has happened with her.

Counsel for the government informed the Court that the report of ICE Special Agent Jesus Lozania included details of Lopez-Avila's statement, but did not include any reference to any threats or coercion.

*Motion to Withdraw from Plea Agreement*

The necessary showing for withdrawal of a guilty plea differs depending upon the point in the proceedings at which the motion is made. A defendant may withdraw a plea of guilty before the Court accepts the plea for "any reason or no reason" or after the Court accepts the plea, but prior to sentencing, for a "fair and just reason." Fed.R.Crim.P.

11(d)(1) and (2)(B).² The decision to allow withdrawal of a plea under 11(d)(2)(B) is solely within the discretion of the district court. *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir.2003). The defendant has the burden of showing a fair and just reason for withdrawal. *Id.* The standard is applied liberally. *United States v. Jones*, 472 F.3d 1136 (9th Cir. 2007) (where defendant only offered his own inaccurate interpretation of the law, court did not abuse discretion in denying motion to withdraw plea). Fair and just reasons include an inadequate Rule 11 plea colloquy, newly discovered evidence, intervening circumstances, or other reasons that did not exist when the plea was entered. *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005), *citing United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir.2004). A defendant's good faith change of heart or unsupported protestations of innocence is not an adequate "fair and just reason." *See e.g., United States v. Rios-Ortiz*, 830 F.2d 1067, 1069 (9th Cir. 1987).

In this case, Lopez-Avila's request is not based simply on a change of heart or a protestation of innocence. Unlike the situation presented in *Rios-Ortiz*, 830 F.2d at 1069-70, where the defendant knew of the availability of a defense at the time the plea was entered and sought to withdraw his plea based on a change of heart, Lopez-Avila asserts that she was unaware of the possible availability of the affirmative defense when the plea was entered. *See generally Davis*, 428 F.3d at 805 (reason asserted to withdraw guilty plea was defendant's belief at time of guilty plea, based on attorney's advice, that defendant would receive probation); *see also United States v. Ensminger*, 567 F.3d 587

---

²Other circuits have set forth factors or tests that are used in determining whether a motion to withdraw a plea should be granted. In *United States v. Garcia*, 401 F.3d 1008 (9th Cir. 2005), the court noted that the district court had borrowed a four-part test from out of circuit that examined "the plausibility of the reasons for the withdrawal, the timing of the motion, whether Garcia had asserted his innocence, and whether the original plea was involuntary in violation of the standards set forth in Federal Rule of Criminal Procedure 11." 401 F.3d at 1010. The court stated that the district court improperly considered those factors – the Ninth Circuit found that new evidence warranted setting aside the plea. The Court, therefore, does not consider those out-of-circuit tests.

(9th Cir. 2009) (where defendant made informed choice to forego an available strategy, defendant's change of heart did not warrant withdrawal of plea). Moreover, defense counsel was not aware of the potential affirmative defense prior to the change of plea. In this case, the unrebutted evidence presented and proffered at the hearing on the Motion to Withdraw from Plea may constitute a valid duress defense.[3] *See generally United States v. Groll*, 992 F.2d 755, 759-60 (7th Cir. 1993) (court abused its discretion in denying motion to withdraw plea without addressing why unrebutted evidence in the presentence report did not support entrapment defense). Further, the unrebutted evidence presented and proffered did not contradict the testimony presented during the change of plea hearing. The evidence presented and proffered establishes that Lopez-Avila did not make an informed decision, at the time of the change of plea, to forego an available strategy.

The Court also considers that Lopez-Avila did not delay in seeking to withdraw her guilty plea once she learned of the possible availability of a duress defense. *See Ortega-Ascanio*, 376 F.3d at 886, *citing United States v. Barker*, 514 F.2d 208, 222 (D.C.Cir.) (where withdrawal motion is delayed, the reasons to support withdrawal must have considerably more force), *cert. denied*, 421 U.S. 1013 (1975).

The government argues that "an interpretation which require[s] the District Court

---

[3]*See* Ninth Circuit Model Criminal Jury Instructions 6.5 and 6.6. The Court notes that the government asserts that any immediate threat dissipated when Lopez-Avila came into contact with law enforcement officials. The Court notes that the unrebutted testimony is that there was an apparent continuous threat of a hit man being sent after Lopez-Avila if she did not transport the drugs. Moreover, there is insufficient information before the Court to determine whether Lopez-Avila had a reasonable opportunity to escape the threatened harm. *See e.g., United States v. Contento-Pachon*, 113 F.3d 977 (9th Cir. 1997) (duress defense asserted where defendant, who had been told that he would be constantly watched, assisted law enforcement officers at first opportunity to do so *without alerting observer*). Lopez-Avila asserts that she did inform law enforcement officials of the threats. Although Lozania's report does not include such information and counsel for the government informed the Court that it is his experience that such information would have been included in the report, there is no testimony before the Court that Lopez-Avila did not provide the information to Lozania or another agent.

to grant a motion in the absence of prejudice would interfere with the District Court's ability to exercise discretion inherent in Rule 11." Response, p. 3. However, the Ninth Circuit has determined that a defendant need not show prejudice or show that the plea was invalid to establish a fair and just reason for withdrawing a plea. *See Davis*, 428 F.3d at 806 ("To require a defendant satisfy the prejudice prong of [*Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)] in order to withdraw a plea based on counsel's erroneous advice eviscerates the distinction between a motion to withdraw a plea made pre-sentence and a post-sentence challenge to a plea.").

Applying the fair and just standard liberally, *Jones*, 472 F.3d at 1141, the Court finds that fair and just reasons exist to permit Lopez-Avila to withdraw her plea. The Court will set this matter for trial.[4]

*Review of Pre-Sentence Report*

The Ninth Circuit Court of Appeals has recognized that, even in the absence of a showing of personal bias, in unusual circumstances, a case should be assigned to a new judge. *In re Ellis*, 356 F.3d 1198 (9th Cir. 2004). Where those circumstances involve a judge's review of a presentence report prior to a trial, the Ninth Circuit has stated:

> The district judge has read the presentence report and has expressed strong views on its contents. Whether or not he would reasonably be expected to put out of his mind the information previously disclosed or the conclusions previously drawn, and without ourselves reaching any determination as to his ability to proceed impartially, to preserve the appearance of justice, and consistent with the purposes of Rule 32, we conclude reassignment is appropriate. *See Gregg v. United States*, 394 U.S. 489, 492, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969) (noting that to allow submission of a presentence report "to the judge who will ... preside over a jury

---

[4]*See* 18 U.S.C. § 3161(I) ("If trial did not commence within the time limitation specified in section 3161 because the defendant had entered a plea of guilty or nolo contendere subsequently withdrawn to any or all charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein contained within the meaning of section 3161, on the day the order permitting withdrawal of the plea becomes final."). The Court notes that Lopez-Avila, in her Motion to Withdraw from Plea, has waived any speedy trial rights.

|   | trial would seriously contravene ... [Rule 32's] purpose of preventing possible prejudice from premature submission of the presentence report"). Given the preliminary nature of the plea proceedings, the minimal potential for waste or duplication of judicial resources is outweighed by the need to proceed in a manner that preserves the appearance of justice. |

Ellis, 356 F.3d at 1211.

More recently, the Ninth Circuit found that a district court's review of a presentence report prior to accepting a guilty plea was error. *In re Gallaher*, 548 F.3d 713 (9th Cir. 2008). However, a district court judge in Hawaii has determined that *Gallaher* did not require reassignment where the presentence report review did not take place prior to the acceptance of the guilty plea. The district court stated:

> Gallaher is inapposite. In that case, the district court reviewed the PSR before accepting a guilty plea. In contrast, this judge accepted [Defendant's] guilty plea before reviewing [Defendant's] PSR. This judge's review of [Defendant's] PSR was in full compliance with Rule 32. [Defendant's] later withdrawal of his guilty plea did not convert that entirely proper review into a violation of Rule 32. To rule otherwise would be to require recusal whenever a defendant withdraws his guilty plea after he and the court have reviewed a PSR. As motions to withdraw guilty pleas are often triggered by reviews of sentencing guideline calculations in PSRs, it is likely that many guilty plea withdrawals would require recusal if [Defendant's] position were adopted.
>
> Similarly, if a conviction were reversed on appeal and a new trial ordered, [Defendant's] position would require reassignment to a new district judge, as the original judge would have reviewed the PSR in connection with sentencing the defendant. Yet, reassignment is the exception, not the rule, following reversal. As the Supreme Court notes, "It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant." [*Liteky v. United States*, 510 U.S. 540, 551 (1994)].

*United States v. Joseph*, No. 06-00080 SOM, 2008 WL 5423194 (D.Haw. 2008). The *Joseph* court also determined that neither *Gregg* nor *Ellis* stood for the broad proposition that any review of a PSR before trial requires disqualification.

This case has proceeded beyond preliminary plea proceedings and judicial resources have been devoted to this case. *See Ellis*, 356 F.3d at 1211. Further, the Court's review of part of the pre-sentence report was appropriate. However, the Court notes that the Advisory Committee Note to the 1974 amendment of Rule 32(c)(1) recognizes that, because the rule "provides for disclosure of the presentence report to the defendant, [] this will enable counsel to know whether the information thus made

available to the judge is likely to be prejudicial." The Court will provide the parties an opportunity to advise the Court that reasons or an appearance of impropriety exists such that reassignment is appropriate.

Accordingly, IT IS ORDERED:

1. Lopez-Avila's Motion to Withdraw from Plea [Doc. # 14] is GRANTED.

2. Lopez-Avila's plea of guilty to the Indictment is VACATED.

3. The parties shall file any brief asserting reassignment of this case is appropriate on or before May 3, 2010. Should Lopez-Avila choose not to assert that reassignment is appropriate, Lopez-Avila shall file a waiver of the right to subsequently assert this matter should have been reassigned on or before May 3, 2010.

4. The deadline for a plea in this case is May 14, 2010. The only plea that the Court will accept after said date will be a plea to the entire Indictment. Counsel will not be reminded by the Court of this plea deadline and the deadline will be strictly enforced. THE PLEA MUST BE TAKEN BEFORE THE MAGISTRATE JUDGE ON OR BEFORE THE PLEA DEADLINE.

5. This matter is RESET for trial on June 2, 2010, at 9:30 a.m. Counsel are to be present at 9:00 a.m.

6. Any motion or stipulation to continue the scheduled trial date and change of plea hearing deadline shall be submitted in writing and filed with the Clerk of Court no later than 5:00 p.m., Monday, May 24, 2010.

DATED this 23rd day of April, 2010.

_____
Cindy K. Jorgenson
United States District Judge